## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **PAPA AIR LLC, et al.,** | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:19-CV-1713-RDP** |
| | } | |
| **CAL-MID PROPERTIES L.P., et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## <u>MEMORANDUM OPINION</u>

This matter is before the court on Plaintiffs' Motion to Remand (Doc. # 3). The Motion is fully briefed. (Docs. # 3, 13, 14). After careful consideration, and for the reasons discussed below, Plaintiffs' Motion to Remand is due to be denied.

### I.   Background

On October 15, 2019, Plaintiffs Papa Air, LLC ("Papa Air" ) and Joshua Askew ("Askew") filed a complaint for declaratory judgment in Alabama state court. (Doc. # 1-1). They sued Defendants Cal-Mid Properties, L.P. ("Cal-Mid"), and Hydinger Stewart & Chew Commercial Properties, LLC, ("Hydinger"). (*Id*. at 3). They seek a declaration to determine the parties' rights related to a lease on a commercial bingo facility. (*Id.*).

Plaintiff Papa Air is a Wyoming limited liability company, and its sole member (Askew) is an individual resident of Georgia. (*Id.*). Defendant Cal-Mid is a New Jersey limited partnership, and its members are residents of New Jersey and Delaware. (*Id.*). Defendant Hydinger is an Alabama limited liability company, and its members are residents of Alabama. (*Id.*).

After filing in Jefferson County Circuit Court, Plaintiffs asked the state court to issue a summons and serve Defendants by certified mail. (*Id.*). On October 18, 2019, before any

Defendant had been served, Defendant Cal-Mid removed the case from the Circuit Court of Jefferson County. (Doc. # 1) In its notice of removal, Defendant Cal-Mid claims that this court has jurisdiction over the case pursuant to 28 U.S.C. § 1332—that is, it alleges parties are completely diverse and the amount in controversy exceeds $75,000. (*Id.* at 3). Defendant Cal-Mid further argues that removal is proper for two reasons: (1) "snap removal"[1] is consistent with the plain language of section 1441(b)(2); and (2) alternatively, Defendant Hydinger was fraudulently joined to this lawsuit. (Doc. # 1 at ¶14). In support of these arguments, Defendant Cal-Mid attached affidavits and bank statements to their briefing. Plaintiffs timely moved to remand this case. (Doc. # 3). The Motion to Remand (Doc. # 3) is fully briefed, and ripe for review. (Docs. # 13, 14).

## II.      Analysis

The motion and briefing before the court require it to address three matters. First, the court must ensure that it has authority to entertain this case because federal courts must always examine their own subject matter jurisdiction. Second, the court must assess the propriety of Defendant Cal Mid's use of the snap removal device here. Third, the court has also been asked to assess whether Plaintiffs fraudulently joined Defendant Hydinger in an effort to prevent removal of this action from state court.  (Doc. # 13). After providing a brief overview of removal jurisdiction and the relevant procedural requirements for removal, the court addresses each of these points, in turn.

### A.      Removal Jurisdiction and Procedural Requirements

A defendant may remove a case from state court to federal court if (1) the district court would have had original jurisdiction over the action, and (2) and the procedural requirements of

---

[1] The term "snap removal" refers to a procedural move by which a defendant bypasses section 1441(b)(2)'s resident defendant rule by removing a case before service. *Delaughder v. Colonial Pipeline Co.*, 360 F. Supp. 3d 1372, 1377 (N.D. Ga. 2018).

2

the removal statute are satisfied.  28 U.S.C. § 1441(a). Original jurisdiction includes (but obviously is not limited to) diversity of citizenship. *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016). Diversity jurisdiction exists if no plaintiff is a citizen of the same state as any defendant -- that is, there is complete diversity between the parties -- and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). There are other conditions (beyond subject matter jurisdiction) that must also be satisfied to remove a case. Among those are two statutory requirements:  (1) when removing solely on the basis of diversity jurisdiction (and that is the basis for removal here), a defendant may not remove "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); and (2) when the action is removed under section 1441, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). These two procedural hurdles are known, respectively, as the "resident defendant rule" and the "rule of unanimity." The rule of unanimity is not at issue in this case. The text of the rule of unanimity requires "all" defendants who have been "properly joined and served" to consent to removal. Here, Plaintiffs concede that the rule of unanimity does not apply, because none of the Defendants were "properly joined and served" at the time of removal.

The court now turns to the three questions before it.

### 1.    Does the Court Have Subject Matter Jurisdiction Over this case Under Section 1332?

Although Plaintiffs concede the point (Doc. # 3), this court has an independent obligation to ensure that it has subject matter jurisdiction. In this case, there is no question that the parties are completely diverse. (Doc. # 1-1 at 3). Plaintiffs are both citizens of Wyoming, while Defendant Hydinger is a citizen of Alabama, and Defendant Cal-Mid is a citizen of both New Jersey and Delaware. (*Id*.).  The amount-in controversy requirement is also clearly satisfied. The monetary

value of Plaintiffs' requested injunctive relief is in excess of a million dollars. (Doc. # 1 at 6-7). Thus, without question, this court would have had original jurisdiction over this action.

### 2.    Was Defendant Cal-Mid's Use of Snap Removal Appropriate Here?

The general rule is that even where diversity of citizenship exists, a defendant cannot remove a case to federal court if one of the parties "properly joined and served" as a defendant is a citizen of the state in which the case was filed. 28 U.S.C. § 1441(b). This limitation on removal is generally referred to as the resident defendant rule. The theory behind that rule is that removal based on diversity is intended to protect out-of-state defendants from the possible biases of a state court. Congress has reasoned that there is no need for such protection where a defendant is a citizen of the state in which the case is brought. So, it has legislated that the removal device is not available when a served defendant is from the forum state.

Application of the resident defendant rule is usually straightforward: a defendant is a resident of the state where the suit was filed; after that defendant is served in state court, it (or another defendant in the case) attempts to remove the case; and that removal attempt fails because of the presence of a served resident-defendant, which renders the case non-removeable to federal court under section 1441(b)(2). But, this is not the usual situation. Here, a non-resident (Defendant Cal-Mid) removed this case to federal court before it and the resident defendant (Defendant Hydinger) were served. The process employed by Defendant Cal-Mid is a colloquially referred to as "snap removal."

Plaintiffs argue that Defendant Cal-Mid violated the resident defendant rule when it removed this case, because Defendant Hydinger is an Alabama limited liability company, and all of its members are citizens of Alabama. The removing Defendant (Cal-Mid) argues the resident defendant rule does not apply because neither of the defendants (and resident Defendant Hydinger,

4

in particular) were "properly joined and served," within the meaning of section 1441(b)(2), at the time of removal. Thus, the narrow issue before this court is whether "snap removal" is precluded by the resident defendant rule when a non-resident defendant removes a case from state court on the basis of diversity jurisdiction prior to any of the defendants being "properly joined and served."

To begin, the court acknowledges that it has been instructed to construe removal statutes narrowly. *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013). There is a "presumption against the exercise of federal jurisdiction," and uncertainties as to removal are to be resolved in favor of remand. *Id.* Defendants bear the burden of showing removal is appropriate. *Id.*

Next, the court notes that it is not the first to grapple with "snap removal," and it undoubtedly will not be the last. There is no binding precedent from the Supreme Court or the Eleventh Circuit[2] to guide the court in its analysis. Of course, that is not in the least bit surprising. Section 1447(d)[3] prevents a circuit court from reviewing most remand orders. In fact, only cases where the district court overruled a motion to remand are candidates for review. And, in the majority of those cases, any appeal taken to review a snap removal must wait until the case is concluded in the district court. So, quite frankly, one would not expect there to be much circuit caselaw on this question. But, there have been some circuit court decisions addressing snap

---

[2] In *Goodwin v. Reynolds*, 2012 WL 4732215, at *2-*7 (N.D. Ala. Sept. 28, 2012), a court in this district denied plaintiff's motion to remand a case that was "snap removed" from state court. However, the district court granted plaintiff's motion to voluntarily dismiss the case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Defendants appealed. On appeal, the Eleventh Circuit did not consider the motion to remand; rather, it held that voluntary dismissal without prejudice was warranted and affirmed the district court. *Goodwin v. Reynolds*, 757 F.3d 1216, 1220-22 (11th Cir. 2014). Although the motion to remand was not on review, the court did discuss the right to removal and the resident-defendant rule in *dicta*. *Id.* at 1220-21.

[3] Section 1447(d) states:

An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.

28 U.S.C. § 1447(d).

removal.

Every circuit court to consider this issue, including the Second, Third, and Fifth Circuits, have found that the plain language of section 1441(b)(2) permits removal of a case by a defendant before service of process. *Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 487 (5th Cir. 2020); *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 706-07 (2d Cir. 2019); *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 154 (3d Cir. 2018), *reh'g denied* (Sept. 17, 2018).   The Second Circuit has held that "[b]y its text[] []Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume [subject matter] jurisdiction over the action." *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019). The Sixth Circuit in a footnote has also interpreted Section 1441(b)(2) to allow snap removal. *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001), *amended on denial of reh'g*, 250 F.3d 997 (6th Cir. 2001) ("Where there is complete diversity of citizenship . . . the inclusion of an *unserved* resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)(2).") (emphasis in original). The Third and Fifth Circuits have lined up with the Second and Sixth. *Texas Brine*, 955 F.3d at 487; *Encompass*, 902 F.3d at 154.

Although the Eleventh Circuit has not addressed snap removal in a published decision, a panel of the court has dealt with such a case in an unpublished opinion. In *Shanyfelt v. Wachovia Mortg. FSB*, 439 F. App'x 793, 794 (11th Cir. 2011) (per curiam), the court considered the propriety of a district court's subject matter jurisdiction when a resident defendant removed the case from state court on the basis of diversity, prior to service on any defendant.[4]   In its analysis,

---

[4] As the panel in *Shaynefelt* observed, "[Plaintiff] never served [resident Defendant] with the summons and complaint while the action was pending in the district court." *Shanyfelt*, 439 F. App'x at 793. The fact that the court made this observation indicates that service never occurred in the state court (before removal) either.

the panel cited to section 1441(b) and stated that Plaintiff failed to "properly join[ ] and serve[ ]" defendant, prior to Defendant filing the notice of removal. *Id.* And, because Plaintiff failed to serve the resident Defendant prior to removal, the court held that "[t]he district court was entitled to entertain [Plaintiff's] complaint without regard to the citizenship of the [resident Defendant]." *Id.* Although, unpublished decisions[5] are not binding, the court finds the *Shanyfelt* decision instructive. Defendant Cal-Mid argues these cases (*Shanyfelt* and the other circuit decisions) are persuasive, and asks this court to rule in line with *Shanyfelt* and the Second, Third, and Fifth Circuits.

   Several district courts (including those in the Eleventh Circuit) have tackled this question. Some of those courts have held that "[t]he literal application of [section] 1441(b)(2) . . . would both produce bizarre results that Congress could not have intended, and results that are demonstrably at odds with the objectives Congress did intend to effect." *Sullivan v. Novartis Pharm. Corp.*, 575 F. Supp. 2d 640, 643 (D.N.J. 2008) (collecting cases); *see Delaughder v. Colonial Pipeline Co.*, 360 F. Supp. 3d 1372 (N.D. Ga. 2018); *Gentile v. Biogen IDEC, Inc.*, 934 F. Supp. 2d 313 (D. Mass. 2013). Others have concluded snap removal is not barred if there is an *unserved* resident defendant. *E.g.*, *Goodwin*, 2012 WL 4732215, at *6; *Seong Ho Hwang v. Gladden*, 2016 WL 9334726, at *7 (M.D. Ala. Dec. 21, 2016) (agreeing with "the majority of the courts within the Eleventh Circuit," and holding that "the plain language of the forum defendant rule does not prohibit a non-forum defendant from removing a case to federal court, even when there is an unserved forum defendant."); *Pathmanathan v. Jackson Nat. Life Ins. Co.*, 2015 WL 4605757, at *1 (M.D. Ala. July 30, 2015) (holding that snap removal is permitted "[b]ecause the

---

[5] "'Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.'" *Borden v. Allen*, 646 F.3d 785, 808 (11th Cir. 2011), *cert. denied*, 11–8303, 2012 WL 123875 (U.S. Apr. 16, 2012) (quoting 11th Cir. R. 36–2).

text of [section 1441(b)(2)] is clear, and the court must give effect to that text . . . ."). These district courts looked beyond the language of the statute to give effect and purpose to the resident defendant rule, despite a lack of legislative history addressing the purpose of the disputed language in section 1441(b)(2). *Delaughder*, 360 F. Supp. 3d at 1379-80; *Gentile v. Biogen IDEC, Inc*., 934 F. Supp. 2d at 317.

There is another interpretation of section 1441(b)(2) that has been offered by a well-respected judge in this district. This particular interpretation of section 1441(b)(2) would require service on at least one defendant prior to removal. In *Bowman v. PHH Mortgage Corporation*, 423 F. Supp. 3d 1286 (N.D. Ala. 2019), Judge Kallon held that section 1441(b)(2) "require[es] at least one defendant to have been properly joined and served before removal when an in-state defendant is involved."[6] In coming to this conclusion, the court found that the word "'any,' as used in the statutory text, is a pronoun; as such, it means 'one or more indiscriminately from all those of a kind.'" *Id.* at 1290.  Accordingly, the court held that "under this interpretation of the statute, when there is an in-state defendant, at least one defendant must have been properly joined and served before removing for diversity." *Id*.

In *Bowman*, the court rejected the holdings of the Second  and Third Circuits,[7] stating that "[t]he court does not find these cases to be persuasive because they did not consider the alternative interpretation of the text the court relies on here." *Id.* (citing *Gibbons*, 919 F.3d at 705 ("Plaintiffs do not even attempt to argue that the text of Section 1441(b)(2) supports their position.")).

---

[6] Under this interpretation of section 1441(b)(2), Judge Kallon reasoned that "'plaintiffs legitimately seeking to join a resident defendant face the modest burden of serving that defendant before any others'" and this interpretation "fits neatly with the history and purpose of [section 1441(b)(2)]." *Bowman*, 423 F. Supp. 3d at 1293 (quoting *Gentile*, 934 F. Supp. 2d at 322).

[7] The Fifth Circuit decision allowing "snap removal" in *Texas Brine Co.*, 955 F.3d at 482, was issued seven months after *Bowman*, 423 F. Supp. 3d at 1286. So, Judge Kallon would not have had the occasion to address that decision, nor the benefit of the Fifth Circuit's analysis.

Plaintiffs argue that this court should adopt the bright-line rule from *Bowman*. Although this court finds the *Bowman* approach novel, it disagrees with its analysis because that interpretation of the statute is atextual.

This court has conducted its own analysis of the text of the statute, as it must. *See, e.g.*, *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (citing *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 251 (2010). "The first rule in statutory construction is to determine whether the 'language at issue has a plain and unambiguous meaning with regard to the particular dispute.'" *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1167 (11th Cir. 2003) (quoting *United States v. Fisher*, 289 F.3d 1329, 1337-38 (11th Cir. 2002), *cert. denied*, 537 U.S. 1112, (2003) (citation omitted)). "[W]e must presume that Congress said what it meant and meant what it said." *United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir.1998) (en banc). "In our circuit, '[w]hen the import of the words Congress has used is clear . . . we need not resort to legislative history, and we certainly should not do so to undermine the plain meaning of the statutory language.'" *United States v. Weaver*, 275 F.3d 1320, 1331 (11th Cir. 2001), (quoting *Harris v. Garner*, 216 F.3d 970, 976 (11th Cir. 2000) (en banc)), *cert. denied*, 536 U.S. 961(2002). Where the language of the statute is unambiguous, we need look no further and our inquiry ends. *United States v. DBB*, *Inc*., 180 F.3d 1277, 1281 (11th Cir. 1999) ("The starting point for all statutory interpretation is the language of the statute itself.").

Of course, there remains a narrow crack through which the Plaintiffs may still squeeze their remand argument. It is well-settled that a court will not question unambiguous language, except to "avoid an unjust or absurd conclusion." *United States v. Ballinger*, 395 F.3d 1218, 1237 (11th Cir. 2005) (en banc) (quoting *In re Chapman*, 166 U.S. 661, 667 (1897)). To justify a departure from the text of a statute on the basis of absurdity, "'the absurdity must be so gross as to shock the

general moral or common sense.'" *Am. Bankers Ins. Grp. v. United States*, 408 F.3d 1328, 1334 (11th Cir. 2005) (quoting *Crooks v. Harrelson*, 282 U.S. 55, 60 (1930)).

This court concludes that permitting removal and abiding by the plain language of section 1441(b)(2) in this instance does not lead to an absurd result "so gross as to shock the general moral or common sense." [8]

The court's conclusion here is further supported by another Eleventh Circuit decision (again, one that was unpublished) that held that service of the complaint is not required prior to removal.[9] *See Whitehurst v. Walmart*, 306 F. App'x 446, 448 (11th Cir. 2008) (per curiam) ("nothing in the removal statute, or any other legal provision, requires that a defendant be served with the complaint before filing a notice of removal.") (citing *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000); *City of Ann Arbor Employees' Retirement System v. Gecht*, 2007 WL 760568, at *9 (N.D. Cal. Mar. 9, 2007) (collecting cases)).

When considering the resident defendant rule in this context:

> The purpose of the [resident] defendant rule is to allow plaintiffs to choose a forum because a [resident] defendant does not need the protection of removal rights. However, in the limited situations such as the present case when a non-[resident] defendant removes a case also involving a [resident] defendant, it is necessary to only consider properly served defendants so as to not allow a plaintiff to thwart removal rights of diverse, non[-resident] state defendants by not serving the [resident] defendant.

---

[8] The classic example of absurdity is sanctioning a surgeon "who opened the vein of a person that fell down in the street in a fit" for violating a law requiring "that whoever drew blood in the streets should be punished with the utmost severity[.]" *United States v. Kirby*, 74 U.S. 482, 487 (1868) (internal citations and quotation marks omitted). Similarly, a statute "which enacts that a prisoner who breaks prison shall be guilty of felony, does not extend to a prisoner who breaks out when the prison is on fire—'for he is not to be hanged because he would not stay to be burnt.'" *Id.* Absurdity is a high bar, one that is clearly not met in this case.

[9] In *Bowman*, Judge Kallon stated "[t]his court accepts that, generally, a defendant may remove before service" but this interpretation of section 1441(b)(2) "merely establishes a 'narrow exception' to this practice for cases involving resident defendants." 423 F. Supp. 3d at 1290 n.4 (citing *Lothrop v. N. Am. Air Charter, Inc.*, 2013 WL 3863917, at *2 (D. Mass. July 11, 2013).

*Goodwin v. Reynolds*, 2012 WL 4732215, at *1 (N.D. Ala. Sept. 28, 2012), *aff'd on other grounds*, 757 F.3d 1216 (11th Cir. 2014) (citing *Bolin v. SmithKline Beecham Corp.*, 2008 WL 3286973, at *2 (S.D. Fla. Aug. 7, 2008) (footnote omitted)). To avoid removal to federal court, plaintiffs maintain some control. They can immediately serve the resident defendant upon filing the case in state court.

The result here, like the language of section 1441(b)(2), is quite clear. That statutory provision is not applicable until a home-state defendant has been served in accordance with state law. Prior to that, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume subject matter jurisdiction over the action. As previously discussed, and as conceded by Plaintiff, this court has jurisdiction over this case pursuant to section 1332. Plaintiffs filed their Complaint on October 15, 2020, and Defendant Cal-Mid (a non-resident defendant), filed its notice of removal on October 18, 2020. Defendant Hydinger (a resident defendant) was not "properly joined and served" until January 22, 2020. (Doc. # 18). At the time of removal neither Defendant received service of process. Because the language of the statute is unambiguous, we need look no further and our inquiry ends. Plaintiffs' Motion to remand is due to be denied.

**B.    Fraudulent Joinder[10]**

According to Alabama's Declaratory Judgment Act "[a]ll persons shall be made parties who have, or claim, any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." Ala. Code § 6-6-227.   A

---

[10] Under the doctrine of fraudulent joinder, a defendant's right to remove a case from state court on diversity grounds is not precluded by joinder of a non-diverse (or in this case, a resident) defendant against whom there is no plausible cause of action.

defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate either that: "'(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'" *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). The defendant must make this showing by clear and convincing evidence. *Henderson*, 454 F.3d at 1281.

When considering a fraudulent joinder argument raised in a motion to remand, federal courts must not weigh the merits of a plaintiff's claim beyond asking whether there is an arguable claim under state law. *Crowe*, 113 F.3d at 1538; *see Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superseded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993) ("If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.").

In its Notice of Removal, Defendant Cal-Mid claims that Plaintiffs wired funds directly to Cal-Mid and did not pay such funds to Defendant Hydinger. (Doc. # 1 at ¶ 14 n.5). On this limited record, the court is unable to determine if Defendant Hydinger was fraudulently joined, misjoined (*see* Fed. R. Civ. P. 21), or properly joined. The parties may revisit this issue in a Rule 12 motion (or a Rule 56 motion) at a later date, as appropriate.

## III.  Conclusion

For the reasons discussed above, Plaintiffs' Motion to Remand (Doc. # 3) is due to be denied. An order consistent with this memorandum opinion will be entered contemporaneously.

**DONE** and **ORDERED** this June 5, 2020.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE